

# ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY GRIGGS,

      Plaintiff,

v.

WALTER BATES and BARBARA SIMON,
Jointly and Severally and in their Individual
Capacities, and the CITY OF DETROIT,

      Defendants.

_____/

Case No.  04 71069

U.S. District Judge: Hon. Anna Diggs Taylor

U.S.Magistrate Judge: Hon Wallace Capel

Ben M. Gonek (P-43716)
Attorney for Plaintiff
23650 Woodward Avenue
Pleasant Ridge, MI 48069
(248) 423-7234

_____/

John P. Quinn (P-23820)
Attorney for Defendant City
1650 First National Building
Detroit, MI 48226
(313) 237-3082



DEFENDANT CITY'S ANSWER TO COMPLAINT

RESERVATION OF ADDITIONAL DEFENSES

RELIANCE ON JURY DEMAND

## DEFENDANT CITY'S ANSWER TO COMPLAINT

For Answer to the Complaint, the defendant City of Detroit says that:

### FIRST DEFENSE

The defendant City is protected by governmental immunity from liability on the plaintiff's claims arising under Michigan law. At all relevant times the defendant City was a governmental agency engaged in the exercise or discharge of a governmental function, namely, law enforcement. Mich. C.L. § 691.1407.

### SECOND DEFENSE

If the defendants who are alleged to have been employees of the defendant City committed the acts and omissions alleged in the Complaint, at the time of each such act or omission each such defendant was not acting within the course and scope of his employment and the defendant City is therefore not vicariously liable for any such act or omission. The actions of any individual police officers, to the extent found wrongful, were not within the scope of their duties or authority and were not done pursuant to municipal policy or custom.

### THIRD DEFENSE

Any injury suffered by the plaintiff was proximately caused by her own negligence and other wrongdoing including intentional and criminal wrongdoing. The plaintiff's claims are therefore barred by the wrongful conduct rule or reduced or barred by comparative negligence.

FOURTH DEFENSE

Each arrest of the plaintiff, if she was arrested and if the arrest was consistent with the policies, customs and training of the defendant City, was supported by probable cause or by a warrant that was valid on its face.

FIFTH DEFENSE

Each search or seizure of the plaintiff's person, house, home, papers or effects, if any such search or seizure occurred and was consistent with the policies, customs and training of the defendant City, was supported by probable cause or by a warrant that was valid on its face.

SIXTH DEFENSE

To the extent, if any, that any defendant used force against the plaintiff that was consistent with the policies, customs and training of the defendant City, each such defendant acted in self-defense or in the lawful defense of others or in the lawful execution of law enforcement duties.

SEVENTH DEFENSE

To the extent, if any, that any defendant used force against the plaintiff that was consistent with the policies, customs and training of the defendant City, each such use of force was reasonable and justified because the force was lawfully applied to effect a lawful arrest or in the performance of other lawful police duties and was not excessive.

-3-

### EIGHTH DEFENSE

The plaintiff has not stated a claim for exemplary or punitive damages upon
which relief can be granted against the defendant City.

### NINTH DEFENSE

The plaintiff has failed to mitigate his damages, entitlement to which is denied.

### TENTH DEFENSE

The plaintiff fails, in whole or in part, to state a claim upon which relief can be
granted and the defendant City is entitled to judgment as a matter of law.

### ELEVENTH DEFENSE

In the absence of a showing that the policies, practices, acts and omissions
described in the Complaint actually existed or occurred there exists no actual
controversy as to whether they violated the plaintiff's rights. The Court therefore lacks
jurisdiction of the plaintiff's petition for declaratory judgment.

### TWELFTH DEFENSE

The plaintiff's petition for a declaratory judgment is not ripe because the plaintiff
has sustained no actual injury and faces no imminent injury, the question presented is
not fit for judicial determination and no party would suffer hardship in the absence of a
declaratory judgment.

### THIRTEENTH DEFENSE

The challenged activities, if they ever occurred, have ceased. The plaintiff's
petition for a declaratory judgment is therefore moot.

-4-

## FOURTEENTH DEFENSE

The plaintiff is not entitled to injunctive relief because she has an adequate

remedy at law.

## FIFTEENTH DEFENSE

The plaintiff is not entitled to injunctive relief because the injury claimed is not

irreparable.

## SIXTEENTH DEFENSE

The plaintiff is not entitled to injunctive relief because she does not have clean

hands.

## SEVENTEENTH DEFENSE

The plaintiff is not entitled to injunctive relief because she acquiesced in her

"detention," waived her claim to injunctive relief and is therefore estopped from seeking

injunctive relief.

## EIGHTEENTH DEFENSE

The plaintiff is not entitled to injunctive relief because the allegations of her

Complaint are not verified.

## NINETEENTH DEFENSE

The defendant City lacks information or knowledge sufficient to form a belief as

to the truth of the allegations of paragraphs 1, 8, 10, 11, 12, 13 and 14 of the Complaint

and therefore neither admits nor denies those allegations but leaves the plaintiff to his

proofs. The defendant City admits paragraphs 4 and 5 of the Complaint insofar as they

apply to the defendant City. In response to paragraphs 2 and 3 of the Complaint the defendant City admits that it employed the defendants named in those paragraphs as police officers but lacks information or knowledge sufficient to form a belief as to ' whether any of those defendants are residents of Wayne County and therefore nether admits nor denies those allegations. Paragraph 18 of the Complaint does not apply to the defendant City. All other allegations of the Complaint are denied insofar as they apply to the defendant City because, at least to that extent, they are untrue.

## RESERVATION OF ADDITIONAL DEFENSES

The defendant City reserves the right to plead such additional defenses as may become known through research, investigation, discovery or otherwise.

WHEREFORE, the defendant City respectfully demand dismissal of the plaintiff's claims or a judgment of no cause of action on those claims, as well as an award of attorney fees and costs against the plaintiff.

## RELIANCE ON JURY DEMAND

The defendant City relies upon the Demand for Jury Trial filed by the plaintiffs.

John P. Quinn (P-23820)
Attorney for Defendant City
1650 First National Building
Detroit, MI 48226
(313) 237-3082

Dated: March 25, 2004

-6-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY GRIGGS,

      Plaintiff,

    v.

WALTER BATES and BARBARA SIMON,
Jointly and Severally and in their Individual
Capacities, and the CITY OF DETROIT,

      Defendants.

Case No. 04 71069

U.S. District Judge: Hon. Anna Diggs Taylor

U.S.Magistrate Judge: Hon Wallace Capel

_____/

Ben M. Gonek (P-43716)
Attorney for Plaintiff
23650 Woodward Avenue
Pleasant Ridge, MI 48069
(248) 423-7234

John P. Quinn (P-23820)
Attorney for Defendant City
1650 First National Building
Detroit, MI 48226
(313) 237-3082

_____/

## CERTIFICATE OF SERVICE

    I state that on **March 26, 2004,** I served a copy of the **DEFENDANT CITY'S ANSWER TO COMPLAINT RESERVATION OF ADDITIONAL DEFENSES RELIANCE ON JURY DEMAND and CERTIFICATE OF SERVICE** upon the above-named attorney of record, by placing the above document in an envelope with the address shown on the above caption, and after securely sealing the envelope and affixing sufficient first class postage thereto, deposited the envelope in the United States mail for transmission to the addressee thereof.

    According to the routine practice of the City of Detroit Law Department, items picked up by our Mail Clerk are weighed, appropriate first-class postage is affixed and the Mail Clerk mails the items on the day she/he received them if he/she receives them before 4:30 p.m., or on the following day if she/he received them later than that time.

**LISA R. WILLIAMS**